NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 21 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

EMMANUEL C. AMUCHIE, doing business as Caremax Medical; NNEKA CHIOMA OKEREGO,

Plaintiffs - Appellants,

v.

MARKWAYNE MULLIN, Secretary of Homeland Security; UNITED STATES SECRET SERVICE; DOES, 1 to 100, inclusive,

Defendants - Appellees.

No. 25-5516

D.C. No. 2:25-cv-02176-RGK-PVC

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted July 15, 2026**

Before: BERZON, NGUYEN, and OWENS, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiffs Emmanuel C. Amuchie and Nneka Chioma Okerego appeal from the district court's order dismissing their action for failure to serve defendants. We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see Hason v. Med. Bd.*, 279 F.3d 1167, 1174 (9th Cir. 2002), we vacate and remand.

Federal Rule of Civil Procedure 4(m)'s 90-day provision for service of process is "an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996). "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Even without this showing, the district court has "broad discretion . . . to extend time for service." *United States v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004).

The district court abused its discretion by requiring, absent exigent circumstances, that plaintiffs respond to the order to show cause on the same day that the court issued it. *See Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) ("A district court abuses its discretion when it dismisses a complaint *sua sponte* for lack of service without first . . . providing an opportunity for [the plaintiff] to show good cause for the failure . . . ." (simplified) (quoting *Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2010))). We agree with plaintiffs that this time frame was insufficient, particularly given that plaintiffs' counsel was out of the

country and the district court did not identify what specifically was deficient about plaintiffs' proof of service.

The issue was not, as the district court stated, that "one or more of [Rule 4(m)'s] time periods has not been met." Plaintiffs provided timely proof of service with their motion to set aside the forfeiture. Rather, the issue appears to be that plaintiffs' service was incomplete. Although we require only "substantial" compliance with Rule 4(i), *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1128 (9th Cir. 2019), plaintiffs did not meet this requirement by mailing process to just one of the four required addresses.

By timely mailing process to the correct address for the Secret Service, *see* 6 C.F.R. § 5.42(a) & app. A, plaintiffs may have shown good cause for an extension of time to complete service by mail. In the context of suits against a federal officer, service on some but not all required recipients is a "specific instance of good cause." *Henderson*, 517 U.S. at 663; *see* Fed. R. Civ. P. 4(i)(4) (providing that "[t]he court must allow a party a reasonable time to cure" such deficiencies). Moreover, the district court did not explain why plaintiffs' counsel's family tragedy was not good cause for an extension. We generally require "some explanation . . . of why the [plaintiff's] potentially valid reasons for good cause are rejected" given the significance of the ruling. *Dexter v. Colvin*, 731 F.3d 977, 981 (9th Cir. 2013). At a minimum, plaintiffs' attempt at service constitutes excusable

3                                                      25-5516

neglect, requiring that the district court consider whether to extend the time to complete service as an exercise of discretion. *See Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

Therefore, we vacate the district court's order dismissing the action. On remand, the court should afford plaintiffs a reasonable amount of time to respond to the order to show cause.

**VACATED and REMANDED.**